141 NEW YORK SUPPLEMENT

uated in the block bounded by Chauncey and Marion streets and Hopkinson and Rockaway avenues, in the borough of Brooklyn, etc.

PER CURIAM. Motion to stay granted, on condition that within the time specified the said Delia A. Finnigan execute and file an undertaking, to be approved by a justice of this court, which would be sufficient to stay proceedings upon an appeal from a judgment for a like amount; otherwise, motion denied, with costs. See, also, 140 .N. Y. Supp. 386; 141 N. Y. Supp. 1110.

In re BLOCK BOUNDED BY CHAUNCEY AND MARION STREETS AND HOPKINSON AND ROCKAWAY AVENUES IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. April 11, 1913.) In the matter of acquiring title by the City of New York to certain land, etc., situated in the block bounded by Chauncey and Marion Streets and Hopkinson and Rockaway Avenues in the Borough of Brooklyn, etc. No opinion. Motion to amend stipulation denied, with costs. See, also, 141 N. Y. Supp. 1109, 1110.

In re BLOCK BOUNDED BY CHAUNCEY AND MARION STREETS AND HOPKINSON AND ROCKAWAY AVENUES IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. May 9, 1913.) In the matter of acquiring title by the City of New York to certain land, etc., situated in the block bounded by Chauncey and Marion Streets and Hopkinson and Rockaway Avenues in the borough of Brooklyn, etc.

PER CURIAM. A separate order must be prepared and submitted, granting a stay upon the terms and conditions indicated in the decision rendered herein on the 11th day of April, 1913, if the party ·applying for such stay desires to accept the conditions thereof. See, also, 141 N. Y. Supp. 1109, 1110.

In re BLOCK BOUNDED BY CHAUNCEY AND MARION STREETS AND HOPKINSON AND ROCKAWAY AVENUES IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. May ·9, 1913.) ·In the matter of acquiring title by the City of New York to certain land, etc., situated in the block bounded by Chauncey and Marion Streets and Hopkinson and Rockaway Avenues in the Borough of Brooklyn, etc. No opinion. Order ·confirming referee's report settled and filed. See, also, 140 N. Y. Supp. 386; 141 N. Y. Supp. 1109, 1110.

BOEMISCHE ESCOMPTE BANK v. HEINZE. (Supreme Court, Appellate Division, First Department. May 23, 1913.) Action by the Boemische Escompte Bank against Otto G. Heinze. No opinion. Motion granted, with $10 costs. Order filed.

BOLLTON, Respondent, v. NEW YORK CONTRACTING CO. et al., Appellants. (Supreme Court, Appellate Division, First Depart-

ment. April 18, 1913.) Action by Martin Bollton against the New York Contracting Company and others. J. A. Deering of New York City, for appellants. H. H. Maass, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

BOND v. BOND et al. (Supreme Court, Appellate Division, Second Department. April 11, 1913.) Action by Georgia Bond against George S. Bond and others. No opinion. Judgment affirmed, with costs.

BONIFACE, Respondent, v. BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. May 16, 1913.) Action by Nathalia Boniface against the Board of Education of the City of New York. C. McIntyre, of New York City, for appellant. C. Mayer, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. with leave to defendant to amend on payment of costs. ·Order filed.

BRADLEY CONTRACTING CO., Appellant, v. SUSSWEIN, Respondent. (Supreme Court, Appellate Division, Second Department. May 15, 1913.) Action by the Bradley Contracting Company against Henry M. ·Susswein.

·PER CURIAM. Motion for stay pending appeal granted, on condition that the plaintiff perfect its appeal, place the same on the June calendar, and be ready for argument when reached, and give a bond in the sum of $20,000 to indemnify the defendant against loss pending the appeal; otherwise, motion denied, with $10 costs.

BRAMER, Appellant, v. LANSING et al., Respondents. (Supreme Court, Appellate Division,. Fourth Department. May 21, 1913.) Action by James K. Bramer against William F. Lansing and another, as executors, etc. No opinion.. Interlocutory and final judgments affirmed, with costs.

In re BRIGHT PLACE IN CITY OF YONKERS. (Supreme Court, Appellate Division, Second Department. April 18, 1913.) In the matter of the laying out and opening of Bright Place, from School Street ·to South Broadway in the City of Yonkers, in which Jules Breuchaud appeals.

PER CURIAM. It is quite apparent from the evidence in this case that the commissioners have limited the amount of the award to the value of the land actually to be acquired, and have not considered the consequential damages to the residue of the plot, from which the land needed for the improvement is taken. The adoption of this erroneous ·theory requires that the order appealed from should be reversed. Order reversed, with $10 costs and disbursements, and proceedings remitted to the Special Term for the appointment of new commissioners.